# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy St. Eve | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7867 | **DATE** | 3/13/2003 |
| **CASE TITLE** | Lakewood Engineering and Mfg. Co. vs. Lasko Products, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's [#59] and Defendant's [#60] Motions to Compel are hereby **granted in part and denied in part.** *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

number of notices: 4

docketing deputy initials

3/13/2003 date mailed notice

**Document Number**

courtroom deputy's initials FT/*Secy*

U.S. DISTRICT COURT
CLERK
03 MAR 13 PM 1: 50

Date/time received in central Clerk's Office

FT
mailing deputy initials



| | | |
|---|---|---|
| LAKEWOOD ENGINEERING AND MANUFACTURING CO., | ) ) ) | Case No. 01 C 7867 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Amy St. Eve |
| LASKO PRODUCTS, INC., | ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The parties in this suit have each filed cross-motions to compel discovery from the other party. The Plaintiff, Lakewood Engineering and Manufacturing Co. ("Lakewood"), moves the Court for an order compelling the Defendant, Lasko Products, Inc. ("Lasko"), to produce all materials relating to opinions of counsel that Lasko received relating to the validity and alleged infringement of Lakewood's patent, as well as to produce all documents that Lasko received from a third party, Interfreight. Lasko has filed motions to compel document discovery, written discovery, and deposition discovery from Lakewood. For the reasons set forth below, the parties' motions are granted in part and denied in part.

## BACKGROUND

Lakewood filed suit against Lakewood for willful



infringement of its '822 fan motor patent.  Upon learning of
Lakewood's lawsuit against Lasko for patent infringement, Lasko's
outside opinion counsel, RatnerPrestia, provided Lasko with
opinions relating to the alleged infringement and validity of the
'822 patent.  Lasko has also retained Woodcock Washburn as its
trial counsel in this suit.

Lasko has asserted the affirmative defense of reliance on
opinion of counsel to defend against the charge of willful
infringement.  Lasko has also asserted other affirmative
defenses, including invalidity and inequitable conduct, and has
filed a counterclaim against Lakewood.  Lasko has also amended
its answer and counterclaims to include fraudulent
misrepresentation.  Further, in amassing discovery to defend
against the charges brought by Lakewood, Lasko argues that
Lakewood has not adequately produced various documents and other
types of discovery necessary for Lasko to prosecute its claims.

Fact discovery in this case closed on October 1, 2002.  The
Court addresses each of the parties' respective motions in turn.

## DISCUSSION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure,
a party may file a motion to compel discovery when the other
party fails to respond to a discovery request or where the
response is inadequate, such as an incomplete or evasive

response.  *See* FED. R. CIV. P. 37(a)(2), (a)(3).  The Court has
broad discretion in ruling on discovery motions.  *Videojet Sys.
Intl, Inc. v Inkjet, Inc.*, No. 95 C 7016, 1997 WL 138008, at *1
(N.D. Ill. Mar. 19, 1997).  Parties may obtain discovery
"regarding any matter, not privileged, which is relevant to the
subject matter" of the action.  FED. R. CIV. P. 26(b)(1).
Relevance is broadly defined, and includes information that may
"not be admissible at trial [but is discoverable] if [it] appears
reasonably calculated to lead to the discovery of admissible
evidence."  *Id.*  A request for discovery "should be considered
relevant if there is any possibility that the information sought
may be relevant to the subject matter of the action."  *Videojet*,
1997 WL 138008, at *1 (internal citations omitted).[1]

I.   **Lasko's Motion to Compel Document Discovery**

A.   E-Mail and Other Documents in Electronic Form

It appears that Lakewood has produced various E-Mail and
other documents in electronic form generated or received by the

---

[1]  Lasko correctly points out that under Local Rule
37.2, all motions for discovery must be accompanied by a
statement from the movant that it has attempted to resolve
the dispute in good faith with the opponent.  Although
Lakewood has not filed such a statement with the Court, the
Court will not sanction Lakewood nor deny its motion due to
its oversight.  The Court is aware of the contentious nature
of the motions currently before it and is cognizant of the
fact that both parties have attempted to resolve the matter
on their own, but have been unsuccessful.

alleged inventor of the '822 patent, Yung Chen. To the extent
that Lakewood produced these electronic documents after the close
of discovery, the Court finds that Lakewood has not engaged in a
good faith effort to produce all requested discovery in a timely
manner. However, the Court concludes that the costs to Lasko in
adding this specific request to its other numerous discovery
requests is negligible, and therefore, will not order Lakewood to
reimburse Lasko for its expenses in requesting such documents.
Further, to the extent that Lakewood has not produced all of the
E-Mails generated or received by Mr. Chen relating to the patent,
the Court orders that Lakewood produce these documents.

    B.  Un-Redacted Copy of LKW 01397

    In its Reply, Lasko admits to finally receiving an un-
redacted copy of Lakewood's document numbered LKW 01397. Thus,
Lakewood's motion to compel this particular document is moot.[2]

    C.  Lakewood's Outbound Shipping Files relating to Supreme
        or Sagitta

    Similarly, Lakewood has finally produced its shipping files

---

        [2]  The Court does not find that there is sufficient
evidence showing that Lakewood improperly redacted the
original LKW 01397 document produced to Lasko. The Court
also finds that any expense incurred by Lasko for having to
request this particular document is negligible, given the
numerous other requests Lasko is making in this and its two
other motions to compel. Thus, the Court will not order
Lakewood to reimburse Lasko for its expense in having to
request the un-redacted version in this motion.

relating to Supreme or Sagitta.  However, the Court finds that, to the extent these documents are duplicative of the files obtained by Lasko through its subpoena of third-party Interfreight, Lakewood must reimburse Lasko for its expenses in conducting discovery upon Interfreight.  If Lakewood had produced these shipping documents in a timely manner, Lasko would not have been forced to locate these documents through Interfreight and would have saved itself much time and expense.  Further, as Lasko has only recently received these documents from Lakewood, the Court orders limited discovery on any new matters, relevant to Lasko's defense and not previously addressed or discovered, which may arise from these newly discovered shipping files.

D.    Reports, Analysis, or Evaluations Relating to the
      "Matrix of Material" Disclosed and Claimed in the '822
      and '863 Patents

The patent in suit, patent '822, describes a "matrix of material" that is applied on one of its rotors in order to reduce the torque output of the motor.  (Def.'s Ex. 58.)  Lasko is seeking production from Lakewood of all documents relating to this "matrix of material" in response to its First Set of Requests for Production, as well as its Third Set of Requests for Production.  Lasko believes that such documents may exist because of Mr. Chen's declaration at his deposition that he had discovered the importance of the "matrix of material" in

connection with sending the rotors of development motors to a laboratory for analysis. Although Mr. Chen never testified that any reports, analyses, or evaluations relating to the matrix actually exist, the documents, whether relied upon by Mr. Chen in arriving at his conclusion or not, are still discoverable if they do exist. In its Third Set of Requests, Lasko requested *any* reports, tests, analyses, or other evaluations or descriptions relating to the subject matter identified in the '822 and '862 patents as a "matrix of material...including any tests...performed at the request of or for Mr. Yung Chen...." (Def.'s Ex. 39.)(emphasis added). The "matrix of materials" is relevant to the patent at issue, and any documents referring to such materials should be turned over to Lasko. Of course, if no such documents exist, then the issue is moot, but Lakewood should thereby make a formal declaration to Lasko and represent that no such documents exist or are in Lakewood's possession.

E. Underwriters' Laboratories ("UL") Documents

The UL files sought by Lasko depict and describe the past and present fan product design and performance data for any of its fan products that have ever contained a 4-pole PSC motor. The parties had previously agreed to supply one another with UL documents from the first listing of each respective party's motors with UL and any supplementation or modification of such

listings.  Lasko claims that Lakewood's production is incomplete, because Lasko seeks UL documentation regarding *all* 4-pole PSC motors.  The Court agrees that all 4-pole PSC motors are, arguably, the prior art of Lakewood and are relevant in this case, and the production of these UL documents is likely to lead to admissible evidence.  Thus, Lakewood must produce all UL documentation regarding it 4-pole PSC motors.

Similarly, Lakewood claims that Lasko had not produced a single UL document as of the date of its Response.  Lakewood claims, and the Court agrees, that such information is relevant to determine the date when Lasko allegedly first infringed upon Lakewood's patent.  Of course, as both parties had previously agreed to share each other's UL documents, and doing so will lead to relevant evidence, Lasko must also produce its aforementioned UL documents to Lakewood.

F. <u>Lakewood's Privileged Document Log</u>

Lasko claims that Lakewood's privilege log, including the revised privilege log recently provided to Lasko, is deficient and that Lasko is unable to "assess the applicability of the privilege" as required by Rule 26.  However, the Court has reviewed Lakewood's revised privilege log and finds that it sufficiently comports with the requirements of Rule 26.  A sample of the descriptions of the privileged documents include the

following:

> Legal advice re: issued '822 patent;
>
> Re: issue fee and legal advice re: a continuation
> application in design case;
>
> Re: design application and seeking information for
> Office Action to patent application that issued as '822
> patent;
>
> Legal advice re: foreign filing of patent application;
>
> Legal advice and enclosing copy of application filed
> with Patent Office;
>
> Re: enclosure of drawings re: motor configuration as
> follow-up to request for legal advice re: application;
>
> Internal memo re: issue fee for continuation of
> application;
>
> Re: drawings from FT Industries;
>
> Legal advice re: patent application and claim
> amendments;
>
> Re: and enclosing cease and desist letter sent to J.
> Perella; and
>
> Re: enclosure of correspondence from Supreme including
> nondisclosure agreement signed in 9/97.

(Def.'s Reply Ex. 6.)

The Court finds that Lakewood's descriptions are neither

vague nor ambiguous and to provide any more detail would likely divulge privileged information. Further, the Court finds that Lasko can adequately assess the applicability of the privilege based on Lakewood's current descriptions. Thus, Lakewood need not revise its privilege log.

G.  Alleged Gaps in Lakewood's Production

It appears, based on Lasko's Reply brief, that Lasko has received many of the documents it claims were missing and has notified the Court that it will attempt to resolve the issue of any remaining missing documents with Lakewood without the Court's intervention. Thus, the issue of the alleged gaps in Lakewood's production is moot.

H.  Refusal to Identify Drawings showing Mr. Chen's Conception of the Invention of the Patent

Lasko is seeking production of a drawing made by Mr. Chen in the Summer of 1997, which shows the conception of the invention of the '822 patent. Lakewood argues that Lasko's interrogatory never requested production of such a drawing and that, therefore, Lasko should not be allowed to belatedly seek discovery after discovery has already closed. However, the Court finds that Lasko's request is neither a novel nor belated request. In its Interrogatory No. 10, Lasko sought identification of all documents constituting, reflecting, or otherwise relating to the

conception and reduction to practice of the invention. (Pl.'s Opp. Mot. to Compel, Ex. G.) Lakewood admits that such a drawing does exist (Def.'s Mot. to Compel, Ex. 40), and therefore, as the Court finds that the drawing relates to conception and reduction to practice and has already been generally sought by Interrogatory No. 10, Lakewood must provide Lasko with this drawing.

### I. LKW 01165 Relating to a Confidentiality Agreement between Lakewood and Supreme

Lasko seeks the identification of drawings referred to in a letter by Lakewood's in-house counsel and addressed to Supreme, regarding a confidentiality agreement between the two entities. Apparently, Lakewood had agreed to identify the drawings, but later declined to do so. (Def.'s Mot. to Compel, Exs. 1, 3, 62.) Lasko claims that it did not take the deposition of any witnesses on this matter, including that of Lakewood's in-house counsel, because Lasko assumed that Lakewood would produce said documents pursuant to their agreement. (Def.'s Mot. to Compel at 11.)

The Court finds that the production of the drawings referred to in LKW 01165 is relevant to the lawsuit, as it apparently goes to the scope of the confidentiality agreement, and, as the time for deposing witnesses on the matter has passed, Lakewood must produce said drawings to Lasko. Lasko should not be penalized for failing to depose a witness when it had not done so based on

10

assurances from Lakewood that it would provide the
identification.

    J.   <u>Identification of Various Documents</u>

In its Opposition to Lasko's Motion to Compel, Lakewood has
agreed to provide Lasko with the Bates numbers of all the
documents that it has produced in response to Lasko's First Set
of Requests for Production Nos. 8-15, 39, 42, and 74. Thus,
Lasko's motion to compel is moot on this issue. Moreover, as
Lakewood concedes that it had previously agreed to provide
production numbers for these documents, the Court finds that
fairness dictates that Lakewood identify said documents by Bates
numbers.

**II.   <u>Lasko's Motion to Compel Written Discovery</u>**

    A.   <u>Interrogatories Nos. 7(c) and 7(d)</u>

Lasko's Interrogatory 7(c) requests that Lakewood identify
where each element of each claim of its patent is found on each
of its products. Interrogatory 7(d) requests that Lakewood
explain how each of its products correspond to each element of
each claim of its patent. Lasko argues that such responses are
necessary to determine claim construction, validity and damages
and whether Lakewood is entitled to lost profits. Lasko cites to
the rule that "determining actual damages to a patentee that is
itself producing the patented item is to determine the sales and

profits lost to the patentee because of the infringement." *Rite Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1545 (Fed Cir. 1995)(en banc). However, as Lakewood correctly asserts, a patentee need not prove infringement by its own products in order to obtain damages. *Id.* at 1548. Further, Lasko does not cite to any case law that supports its position that Lakewood must provide mapping of each and every one of its products in order to successfully bring a patent infringement suit.

Lakewood has already provided a detailed claim construction statement to Lasko. Lakewood has also provided Lasko with a detailed mapping and explanation of every infringing Lasko fan product, as well as Lakewood's own fans that embody any claim of the '822 patent. The Court concludes that Lakewood need not perform a detailed mapping or infringement analysis of its own fan products to prove that its own fan products are covered by the patent, as such an endeavor is irrelevant to Lakewood's infringement case against Lasko.

Further, the Court is not persuaded by Lasko's argument that mapping of Lakewood's own fan products is relevant to validity of the patent. Patent '822 covers the motor utilized by Lakewood, and Lakewood has already stated that none of its fan products embodying the patent were sold one year before the filing date of the application for the '822 patent. (Pl.'s Opp. Mot. to Compel

at 3.)

## B. Interrogatory No. 8

Interrogatory No. 8 asks Lakewood to identify every third party that infringes its patent. Lakewood responded by stating that presently, it did not assert any claims against third parties relating to any allegations of infringement of either the '822 or '862 patents. (Def.'s Mot. to Compel at 4.) In its opposition brief, Lakewood states that it "is not currently aware of any third party infringing products." (Pl.'s Opp. Mot. to Compel at 3.)

The Court finds that the latter statement more directly answers Interrogatory No. 8 than Lakewood's original response, and orders Lakewood to amend its response accordingly. The Court does not find that such an amendment will prejudice Lakewood in any way, since Lakewood is only asserting its lack of knowledge of any third-party infringers of its relevant patents.

## C. Interrogatory No. 11

Lasko requests, in Interrogatory No. 11, that Lakewood provide it with the dates of all prior art searches conducted with respect to the subject matter of the '822 and '862 patents, and that it identify the persons involved and the prior art that was discovered. Lasko claims that this information is relevant to its claims of invalidity and unenforceability. Although the

issue of unenforceability has been bifurcated, the issue of validity has not been, and thus, the request encompassing Interrogatory 11 is not improper. Further, the Court does not find that the request seeks information protected by the attorney-client privilege, because the information sought is factual in nature and does not seek to probe Lakewood on advice given by its counsel or the mental impressions, thoughts, or other protected work product of its counsel. Thus, Lakewood must respond to Interrogatory No. 11.

D. Request for Admission No. 66 and Analogous Requests

Request No. 66, and analogous requests, ask Lakewood to admit that "there is no specific notation in the file history" of the '822 patent that the prior art patents identified by number in the requests were considered by the Patent Examiner. Lakewood argues that it does not have knowledge relating to what a third party considered, and that even if it did, the question goes to the issue of inequitable conduct, which has been previously bifurcated by the district court.

The Court finds that Request No. 66, and analogous requests, does not ask Lakewood to guess as to what a third party considered, but rather to admit that a notation exists or does not exist in the file history. Further, as Lasko points out, the Federal Circuit has issued a ruling that prior art not before the

14

Patent Trademark Office is relevant to the issue of validity. *See, American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359-60 (Fed. Cir. 1984). Thus, the Court finds that Request No. 66, and analogous requests, relate to patent validity and orders Lakewood to answer said requests.

    E.   <u>Requests for Admission Nos. 67-76 and Analogous Requests</u>

Requests Nos. 67-76, and the analogous requests, ask Lakewood to admit or deny certain specifications in its third-party patents. Lasko requests, and Lakewood correctly identifies as the standard in patent law, "what a prior art reference teaches to one skilled in the field of the invention." *Crown Operations Int'l, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1374 (Fed Cir. 2002). The Court finds that an expert is required to answer these particular requests concerning specifications in third-party patents. Thus, the Court concludes that Lakewood need not answer Requests Nos. 67-76, and the analogous requests, until after the expert discovery period commences, such date as has already been set by the Court. Further, Lakewood shall supply Lasko with its responses at least one week prior to any scheduled depositions of any expert witnesses proffered by Lakewood on the

subject matter of Request Nos. 67-76, and analogous requests.[3]

F.  Requests for Admissions Nos. 939 and 940

Lasko's Request for Admissions Nos. 939 and 940 is moot, since Lakewood has stated that it has already denied these requests because Lakewood claims the statements are untrue. (Pl.'s Opp. Mot. to Compel at 8.)

G.  Requests for Admissions Nos. 943-948

The Court finds exasperating the semantic word-play between the parties concerning Requests Nos. 943-948. The document pertaining to Request No. 943, for example, is addressed to Lakewood's employee, Mr. Chen, and states that it is from "Edmond Lo/Supreme." However, Lakewood does not admit that the document was sent from Supreme and cannot determine, even "after reasonable investigation," that it received the document from Supreme. (Pl.'s Opp. Mot. to Compel at 9.) Lakewood argues that

_____

[3]  The Court rejects Lakewood's argument that responding to these requests would be unduly burdensome. An expert qualified in the drafting of similar patents can certainly look at the patent identified in the Requests and answer the questions posited by Lasko. Thus, the answer would be readily obtainable after a reasonable inquiry, although not readily within the party's knowledge. See FED. R. CIV. P. 36(a). In addition, Lakewood would not be required to purchase and review the complete prosecution history of each patent, because Lasko is not asking Lakewood to admit any information about claims or claim construction, but rather to admit various structural features of the patents that are clearly visible on the figures themselves.

16

it was unsure as to whether Lasko was referring to the origin of the "copy" or the "original" document. Thus, the Court orders Lakewood to answer the relevant Requests in reference to the original documents. Lasko did not specifically address the remaining Requests for Admissions Nos. 944-948. Nevertheless, as these requests all deal with requests for admissions that certain documents were received by Mr. Chen, or Lakewood, on or about the date they bear on their face, the Court compels Lakewood to clearly admit or deny the remaining requests.

     H.   <u>Requests for Admissions Nos. 951-955</u>

In Requests for Admissions Nos. 951-955, Lasko sought admissions from Lakewood that certain documents were created by Mr. Chen on or after October 3, 1997. Lakewood has admitted certain requests, but has denied the remainder of the requests, based on its investigation finding that many or all of these documents were initially created prior to October 3, 1997. (Pl.'s Opp. Mot. to Compel at 9.) However, Lakewood has not produced these earlier documents, and Lasko claims that it has repeatedly asked Lakewood to produce these documents. Therefore, the Court orders Lakewood to either produce said documents dated prior to October 3, 1997, or the Court will deem Requests Nos. 951-955 admitted.

I.   Requests for Admission Nos. 960-961

Lasko's motion to compel production of Requests for
Admissions Nos. 960-961 is moot, as Lakewood has agreed to amend
its original answers and provide a clearer admission.   The Court
finds that Lakewood is attempting to make a good faith effort to
comply with Lasko's request, and thus, the Court refuses to deem
the requests admitted, as Lasko suggests.   However, Lakewood will
amend its answers with regard to these requests.

J.   Requests for Admissions Nos. 943-948, 968-969, and 971-
     973

Lasko seeks admissions from Lakewood that certain documents
were exchanged between Lakewood and Supreme.   Lakewood objects to
these requests on the basis that Supreme has not yet responded to
Lakewood's discovery requests.   However, Supreme's failure to
respond to discovery should not affect Lasko's ability to defend
itself and to obtain the relevant information it needs for that
defense.   Further, Lakewood is still able to respond to questions
and produce discovery concerning its own knowledge and actions of
its activities with Supreme.   Therefore, to the extent that it
has knowledge regarding the information sought in Requests for
Admissions Nos. 943-948, 968-969, and 971-973, Lakewood must
respond to these requests to the best of its ability.   If it does
not have knowledge of any or a portion of these requests,

Lakewood should so state, and admit what it can and deny or qualify the remainder.

K.   Request for Admission No. 970

Lasko seeks an admission from Lakewood regarding whether a specific piece of prior art was before the Patent Trademark Office during the prosecution of the '822 patent.  The Court finds that this request deals with the similar issue of validity which the Court previously found, in reference to Request for Admission No. 66, is relevant to the issue at bar.  Thus, Lakewood must admit or deny Request for Admission No. 970.

## III.  Lasko's Motion to Compel Deposition Discovery

A.   Request to Redepose every Lakewood Witness, including Mr. Chen, and to depose corporate witnesses under Rule 30(b)(6) - all at Lakewood's Expense

Lasko argues that Lakewood's belated production of documents necessitates that Lasko redepose all of Lakewood's witnesses so that it can further explore the issues contemplated by these newly produced documents.  Lasko argues that the disclosure of the Toastmaster fan documents, certain engineering change notice documents, and certain other documents that Lasko referred to as "Other November Documents," require that Lasko redepose Mr. Chen, Robert Miller, John Peterson, Charles Herndon, Carl Krauss, and Binglin Wang.  Further, Lasko claims that Mr. Chen needs to be redeposed on a separate matter as well:  to testify about

19

Lakewood's recent revelation that Mr. Chen may have knowledge relating to Lakewood's allegations against Lasko's of intentional and willful infringement of Lakewood's patent. Finally, Lasko claims that Lakewood failed to adequately prepare its Rule 30(b)(6) deponents, and therefore, Lasko needs to redepose those witnesses, as well as any other corporate witnesses that can provide testimony on the Rule 30(b)(6) topics. Of course, Lasko also seeks reimbursement from Lakewood for the expenses it will incur in conducting these post-discovery depositions.

The Court is generally opposed to redeposing witnesses absent a clear showing of substantial need by the movant. Without such proof, the Court will not grant Lasko wholesale rediscovery and will not allow Lasko to redepose every Lakewood witness, including Mr. Chen, nor will the Court allow Lasko to depose additional witnesses under 30(b)(6). Thus, the Court reserves its judgement on Lasko's Motion to Compel Deposition Discovery until Lasko has had an opportunity to present its arguments in a hearing before the Court, which will be limited to Lasko's Motion to Compel Deposition Discovery. The burden will be on Lasko to identify each particular witness that it wishes to depose, provide the Court with the general questions it will ask of the witness, explain to the Court the reason why such questions were previously not asked of the witness, disclose the

date when Lasko obtained the particular documents which it
believes necessitates the redeposition of the witness, and
convince the Court that redeposition of the particular witness
will lead to relevant evidence relating *only* to the issues raised
by Lasko's amended answer and counterclaims.[4]  The Court
reiterates that, with the exception of discovery relating to
Lasko's amended answer and counterclaims, fact discovey has
closed.  The Court will not allow Lasko to re-open discovery on
issues that it should have explored earlier under the guise of
seeking discovery on the new issues.

B.  <u>Request to be Reimbursed for the Fees and Expenses
    Incurred in Pursuing Discovery from Interfreight</u>

As the Court has ordered above, Lakewood shall reimburse
Lasko for its expenses in conducting discovery upon Interfreight.
The Court finds that Lasko had repeatedly requested that Lakewood
turn over its "outbound shipping" files, but it did not, and
therefore, Lasko had to subpoena Interfreight at the close of
discovery to obtain these files.  Now, Lakewood has finally

---

[4]  In its brief, Lasko does identify certain deponents
and generally states what issues it would like to raise with
the individuals, but the Court seeks a much more specific
showing of need in order to reopen deposition discovery. In
addition, the Court prefers to deal with each specific
request at a single in-court hearing, as opposed to
considering each matter piecemeal.  Most importantly, Lasko
has not made clear at this juncture how redeposing witnesses
is relevant to the issues raised in its amended answer and
counterclaims.

complied with Lasko's request and has disclosed these files, but many of these files may already be in Lasko's possession as a result of the Interfreight discovery. Thus, the Court orders Lakewood to reimburse Lasko for its costs incurred in pursuing discovery from Interfright.

## IV.  ATTORNEY-CLIENT PRIVILEGE

The attorney-client privilege is waived if the defendant relies on the opinion of counsel to defend against a willful infringement claim in a patent action. *Keyes Fibre Co., v. Packaging Corp. of America*, 763 F. Supp. 374, 376 (N.D. Ill. 1991). The waiver extends to all evidence concerning the subject matter upon which defendant relied. *Abbott Labs. v. Baxter Travenol Labs., Inc.*, 676 F. Supp. 831 (N.D. Ill. 1987). The reasoning behind the waiver is that a party should not be allowed to "claim reliance on the advice of counsel and, at the same time, conceal the full nature and extent of that advice." *Id.* Thus, principles of fairness prevent a party from only "disclos[ing] opinions which support its position, and simultaneously conceal[ing] those [opinions] which are adverse." *The Thermos Co. v. Starbucks Corp.*, No. 96 C 3833, 1998  WL 781120, at *1 (N.D. Ill. Nov. 3, 1998).

Lasko concedes that it has waived the attorney-client privilege with respect to infringement and validity, but it

22

strongly disagrees with the scope of Lakewood's request to produce. (Def.'s Resp. Pl.'s Mot. to Compel at 3.) The scope of the waiver is disputed among the circuits as well, and neither the Seventh Circuit nor the Federal Circuit, whose decisions are authoritative in the realm of patent law, have weighed in on the issue. *See Dunhall Pharmaceuticals v. Discus Dental,* 994 F. Supp. 1202, 1204-06 (C.D. Cal. 1998)(holding that discovery of work product that was not communicated to the client may lead to admissible evidence).

The district courts in this Circuit are also split on the issue of whether advice not communicated to a client is discoverable pursuant to a waiver of attorney-client privilege. *See Thermos*, 1998 WL 781120, at *1 (only advice communicated to client is discoverable); *but see, Clintec Nutrition Co. v. Baxa Corp.,* 1996 WL 153881, at *1 (N.D. Ill. 1996). However, this Court finds that the fairly recent decision in *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212 (N.D. Ill. 2001), as well as Judge Kocoras's 1998 decision in *Thermos* are compatible with one another and most persuasive to this Court.

In *Thermos*, the Court held that, only advice of counsel that was communicated to defendants was discoverable. 1998 WL 781120, at *4. The court reasoned that defendants' state of mind was at issue and thus, "any documents defense counsel relied upon but

did not communicate to Defendants are not probative of Defendants' state of mind." *Id.*

However, *Thermos* also discussed the more limited waiver with regard to the opinion work product of trial counsel. *Id.* It noted that courts often look to fundamental principles of fairness in determining "the extent to which waiver applies to documents generated by trial counsel and disclosed to the client." *Id.* The court determined that fairness dictated that the waiver applicable to trial counsel only extended to those communicated documents containing "potentially damaging information" or expressing "grave reservations respecting the opinion letter." *Id.* (*citing Micron Separations Inc. v. Pall Corp.,* 159 F.R.D. 361, 365 (D. Mass. 1995); *see also Clintec Nutrition Co.,* 1996 WL 153881, at *1). *Thermos* ultimately ruled that defendants needed to only produce the documents created by trial counsel that contained conclusions that contradicted or cast doubt on the contents of the opinion letter *and that were communicated to Defendants.* 1998 WL 781120*, at *5 (emphasis added).

However, in *Beneficial*, the court modified *Thermos*'s holding and extended "the waiver to documents in trial counsel's file that contradict or cast doubt on the opinions that were revealed" regardless of whether the documents were conveyed to the client

or their contents discussed with the client.  205 F.R.D. at 218.
The court reasoned that

> [n]ot all information conveyed to a client is neatly
> reflected in a transmittal letter or in a memorandum
> specifically directed to the client.  The practical
> reality is that if negative information was important
> enough to reduce to a memorandum, there is a reasonable
> possibility that the information was conveyed in some
> form or fashion to the client."

*Id.*  However, with respect to counsel other than trial counsel,
the *Beneficial* court presumably would require disclosure of any
opinion evidence, irrespective of whether it was communicated to
the client or not.  *Id.* at 219.

The Court concludes that a hybrid version of *Thermos* and
*Beneficial* is appropriate in this case.  Thus, as similarly held
in *Thermos,* Lasko must produce all opinions of counsel that were
communicated to it and materials relied upon by counsel and
communicated to Lasko, concerning the subject matter of willful
infringement that Lasko intends to rely upon at trial.  Because
Lasko may have received advice relating to willful infringment
from both its patent and trial counsel, at various times, this
includes any information from its patent counsel, RatnerPrestia,
or its trial counsel, Woodcock Washburn.

However, the Court also agrees with *Beneficial* concerning the treatment of trial counsel's advice. Lasko is not required to produce its attorneys' thought processes, notes, mental impressions, or materials unless the information contradicts or casts doubt on the opinions that have been disclosed, and regardless of whether these materials were communicated to Lasko. Nevertheless, Lasko need not produce any documents or materials relating to its trial strategy. To the extent that Lasko did not rely on trial counsel's opinions on willful infringement, and as such will not rely on such opinions at trial, Lasko need not disclose any opinions of its trial counsel.[5]

## V. ATTORNEY WORK PRODUCT

The thought processes, mental impressions, and opinions of attorneys are considered attorney work product and are not subject to discovery. *Hickman v. Taylor*, 329 U.S. 495 (1947).

---

[5] After reviewing Lasko's President, William Lasko's deposition testimony, the Court remains skeptical as to whether Lasko actually relied on the opinions of its trial counsel regarding willful infringement. However, whether or not Lakewood's questioning of Mr. Lasko was permissible and whether such testimony would be admissible at trial is not for the Court to determine at this juncture. Rule 26(b) is clear: evidence may be discoverable even though it may not be admissible, as long as it could lead to relevant evidence. The Court finds that Lasko's trial counsel *may* have provided Lasko with opinions on willful infringement, and if it did, those opinions, and all documents related to the formulation of those opinions, must be produced if they were communicated to Lasko.

Later codified in Rule 26(b)(3) of the Federal Rules of Civil
Procedure (the "Rules"), the work product doctrine protects
otherwise discoverable documents if, "in light of the nature of
the document and the factual situation in the particular case,
the document can fairly be said to have been prepared or obtained
because of the prospect of litigation." *Binks Mfg. Co. v. Nat'l
Presto Indus., Inc.,* 709 F.2d 1109, 1118-19 (7th Cir.
1983)(*quoting* 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2024).

The work product doctrine is a qualified privilege and is
much broader than the attorney-client privilege. *U.S. v. Nobles*,
422 U.S. 225, 238, n. 11 (1975). Parties seeking to discover
such materials and to overcome the privilege must either show
that they have a substantial need for said materials or cannot
otherwise obtain the materials without suffering undue hardship.
FED. R. CIV. P. 26(b)(3).

In *Stone Container Corp. v. Arkwright Mutual Ins. Co.*, No.
93 C 6626, 1995 WL 88902 (N.D. Ill. Feb. 28, 1995), the court
ruled that documents selected by an attorney to prepare for his
client's deposition are not discoverable. *Id.* at *4. In
distinguishing its facts from cases that have allowed for the
discovery of similar documents, *Stone* reasoned that the documents
in its case "were never meant to see the light of day, because
the [documents] had been selected not for use in the examination

27

of an adverse or neutral witness, but for a markedly more private purpose–the preparation of the attorney's own witness." *Id.* (*quoting In Re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1018 (1st Cir. 1988)(holding that, prior to a deposition, attorney must reveal documents he selected to use in deposition). The *Stone* court also determined that the documents had already been produced in discovery, and thus requiring plaintiff's counsel to reveal "his selection, in preparation for his client's deposition, of a group of documents he believes critical to the case" would prejudice plaintiff's case. *Id.* at *4.

However, *Stone* limited its holding and concluded that it would not compel plaintiff's counsel to reveal "up front" all of the documents that it had selected for the witness to review prior to his deposition. *Id.* at *5. The Court explained that, if defendant's counsel questioned the witness about a topic and the witness referred to one of the protected documents, then plaintiff must produce the document so that defendant can refer to the document in his examination of the witness. *Id.*

In *Dranchak v. Akzo America, Inc.*, 144 F.R.D. 343, 345-46 (N.D. Ill. 1992), the court ordered plaintiffs to produce those documents that its counsel selected from defendant's office. Plaintiff reviewed various documents produced by defendant

pursuant to a discovery request and wished to obtain copies of those documents. *Id.* at 343. Defendants asked plaintiff to provide a list of the requested documents so that it could make the copies for plaintiff, but plaintiff objected, stating that by revealing which documents he selected, he would be disclosing to defendant those documents that he thought important and would thereby "reveal his strategy and mental thought processes to defense counsel." *Id.*

The *Dranchak* court rejected plaintiff's argument and determined that, informing defendant which documents, "as they are kept in the usual course of business," it wanted duplicated does not disclose any theory of plaintiff's case. *Id.* at 345-46. Rather, such a disclosure "simply discloses the sources of knowledge or of relevant or important information in the case as opposed to any particular theory in the development of the case." *Id.* (*citing American Floral Servs., Inc. v. Florists' Transworld Delivery Assoc. & Teleflora, Inc.*, 107 F.R.D. 258 (N.D. Ill. 1985)(Shadur, J.))

Lakewood argues that Lasko should be compelled to produce all documents which it has received from Interfreight pursuant to

Lasko's subpoena. (Pl.'s Mot. to Compel at 5.)[6] Lasko claims

that the documents from Interfreight are attorney work product,

and as such, are not discoverable. (Def.'s Resp. Mot. to Compel

at 11.) Lasko also argues that, because these documents are

shipping documents for Lakewood, the documents are "not

unavailable" to Lakewood, and Lakewood probably has these

documents in its possession already. (*Id.*) Lasko also notes

that Lakewood has produced some documents, which Lasko claims may

appear to contain the same documents that Lasko selected and

copied during the Interfreight inspection. (*Id.* at 11, n. 7.)

However, the Court finds that the particular Interfreight

documents selected by Lasko's counsel are not attorney work

product, as contemplated by Rule 26(b)(3).[7]

The documents obtained from Interfreight are apparently

---

[6] Lakewood argues that, by serving a subpoena on
Lakewood on October 3, 2002, Lasko violated both Rule 45 and
the Court's order cutting off fact discovery on October 1,
2002. (Pl.'s Reply Supp. Mot. to Compel at 8.) However,
although Lasko's response to Lakewood's motion does state
that its subpoena was served on Lakewood on October 3, 2002,
Lasko's sworn affidavit asserts the date of service was
October 1, 2002. Thus, the Court finds that the sworn
affidavit contains the actual date of service. However, the
Court, in its discretion, will not sanction Lasko at this
time for serving a subpoena to opposing counsel on the date
fact discovery closed.

[7] The Court finds that the Interfreight documents do
not satisfy the requirements for either ordinary work
product or "opinion" attorney work product.

shipping invoices between Interfreight and Lakewood. These documents do not appear to be, or contain, counsel's handwritten notes, mental impressions, trial strategy, opinions, or otherwise privileged materials.[8] The Court finds the facts in this case similar to those in *Dranchak*. Thus, revealing the Interfreight documents to Lakewood would not disclose any legal theories of defendants, but would merely "disclose the sources of knowledge or of relevant or important information in the case." Further, the cases cited by Lasko, such as *Stone*, in support of its argument involve facts not at issue here, such as using the documents to refresh the recollection of deponents or witnesses or preparing witnesses for trial, or where the documents have already been produced in discovery. While Lasko claims that Lakewood already has these documents in its possession, this assertion has not been proven and the documents have not yet been identified as having already been produced. Thus, the Court concludes that the Interfreight documents are not attorney work product and must be turned over to Lakewood immediately.

---

[8] Of course, these documents have not been presented to the Court, and therefore, at this juncture, the Court can only take the word of the parties as to the contents of these documents.

## CONCLUSION

**IT IS HEREBY ORDERED** that, for the reasons set forth above Lakewood's Motion to Compel Production of Materials and Information Related to Opinions of Counsel Relied Upon by Lasko and Certain Third Party Documents be, and the same hereby is, **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Lasko's Motions to Compel Document and Written Discovery be, and the same hereby is, **GRANTED** in part and **DENIED** in part.

The Court reserves consideration of Lasko's Motion to Compel Deposition Discovery until completion of an in-court hearing on the matters discussed therein.

Unless otherwise noted in this decision, both parties are ordered to produce the applicable discovery requests granted herein within 14 days of this order.

DATED: March 13, 2003           E N T E R:

ARLANDER KEYS
United States Magistrate Judge